1   Anna F. Roppo (Bar No. 132680)
    roppo@dsmw.com
2   William P. Keith (Bar No. 270587)
    keith@dsmw.com
3   **DUCKOR SPRADLING METZGER & WYNNE**
    A Law Corporation
4   3043 4th Avenue
    San Diego, California 92103
5   (619) 209-3000; (619) 209-3043 fax

6   Attorneys for ISABELLA DEVINE and
    CONRAD HOMM
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  ABSOLUTE ACTIVIST VALUE          │  MISCELLANEOUS CASE NO.:
    MASTER FUND LIMITED, ABSOLUTE    │
11  EAST WEST FUND LIMITED,          │  UNITED STATES DISTRICT COURT
    ABSOLUTE EAST WEST MASTER        │  MIDDLE DISTRICT OF FLORIDA
12  FUND LIMITED, ABSOLUTE           │  CASE NO.: 2:15-cv-00328-JES-MRM
    EUROPEAN CATALYST FUND           │
13  LIMITED, ABSOLUTE GERMANY        │  **MOTION FOR PROTECTIVE ORDER AND
    FUND LIMITED, ABSOLUTE INDIA     │  TO QUASH SUBPOENAS  DUCES TECUM
14  FUND LIMITED, ABSOLUTE OCTANE    │  DIRECTED TO COLLINS & ASSOCIATES
    FUND LIMITED, ABSOLUTE OCTANT    │  AND INCORPORATED MEMORANDUM OF
15  MASTER FUND LIMITED, and         │  LAW**
    ABSOLUTE RETURN EUROPE FUND      │
16  LIMITED,                         │
                                     │  Action Filed: 06/01/15
17             Plaintiffs,           │

18        v.                         │

19  SUSAN ELAINE DEVINE,             │

20             Defendant.            │

21

22      **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

23      **PLEASE TAKE NOTICE THAT** on _____, 2015, at _____, or as soon

24  thereafter as this matter may be heard before the United States District Court for the Northern

25  District of California, Isabella Devine and Conrad Homm will and hereby do move the Court

26  under Fed. R. Civ. P. 45(d)(3) for an order quashing the subpoenas served on Collins &

27  Associates, one of which is dated November 11, 2015 and the other not dated.

28  ///

---

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS DUCES TECUM
                                              Case No. _____

1288118v1

1

2

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................... 2

II.    MEET AND CONFER CERTIFICATION ........................................................ 3

III.    LEGAL STANDARD ........................................................................................ 4

IV.    ARGUMENT ..................................................................................................... 5

    A.    Movants Isabella Devine and Conrad Homm Have Standing to Quash the
        Subpoenas ................................................................................................. 5

    B.    The Subpoenas Seek Personal And Privileged Information .................................... 6

        1.    Florida Privilege Law Should Apply ......................................................... 6

        2.    Under the Governmental Interest Analysis, Florida Law of Privilege
            Applies ................................................................................................ 7

        3.    The Information and Documents Requested are Private, Privileged
            and Confidential .................................................................................. 9

    C.    The Subpoenas Seek Information Outside The Allowable Scope Of
        Discovery Requests .............................................................................. 13

    D.    Devine's and Homm's Private Financial Information Is Protected By
        Florida's And California's Constitutional Rights To Privacy .............................. 14

V.    CONCLUSION ................................................................................................. 15

i

1    Isabella Devine and Conrad Homm hereby move for a protective order and to quash two

2    subpoenas served by the Plaintiffs in the above-captioned case now pending in the Middle

3    District of Florida, served on non-party Collins & Associates, and state as follows:

4                                              I.

5                                    **INTRODUCTION**

6          On June 1, 2015, Plaintiffs filed a complaint in an action captioned *Absolute Activist*

7    *Value Mater Fund Limited et al. v. Susan Devine*, Case No. 2:15-cv-00328-JES-MRM, currently

8    pending in the Middle District of Florida (the "Florida Action"). The complaint alleges, *inter*

9    *alia*, that Susan Elaine Devine (the "Defendant") established a RICO enterprise with her ex-

10   husband to conceal the proceeds of his alleged "Penny Stock Scheme." Declaration of Alexander

11   Palermo ("Palermo Decl."), ¶ 2; NOL Exh. A , ¶¶ 1-8.

12         Contemporaneously with the filing of the Complaint, Plaintiffs filed an *Ex Parte* Motion

13   for a Temporary Restraining Order ("TRO") and Preliminary Injunction, Limited Expedited

14   Discovery, and Delayed Service. Palermo Decl., ¶ 3; NOL Exh. B.

15         On July 1, 2015, the Court granted Plaintiffs' request for a TRO, forbidding the Defendant

16   and "her officers, agents, servants, and employees" from "transferring, selling, alienating,

17   liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating,

18   converting, withdrawing, or otherwise disposing of" any of her assets, or those of her children,

19   located "anywhere in the world." Palermo Decl., ¶ 4; NOL Exh. C. The TRO was initially

20   entered for a period of fourteen days, but was later extended by order of the Court until October

21   1, 2015. Palermo Decl., ¶ 5; NOL Exh. D.

22         The allegations in the Complaint are solely against the Defendant and are purportedly

23   based upon an investigative file provided to Plaintiffs by Swiss authorities. Palermo Decl., ¶ 6;

24   *see* Complaint ¶ 5. Isabella Devine and Conrad Homm are the children of Defendant. Nowhere

25   in the Complaint or Motion for TRO do Plaintiffs allege Isabella Devine or Conrad Homm

26   participated in any culpable conduct. Palermo Decl., ¶ 7.

27         The July 1, 2015 TRO directed the Defendant to produce documents "sufficient to identify

28   all assets, anywhere in the world, currently under her direct or indirect control, including for

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS DUCES TECUM
Case No. _____

1288118v1

1   every bank account or other financial account: the bank or entity, its location, the accountholder's

2   name, the account number and the current balance...." NOL Exh. C. In response to that Order,

3   the Defendant submitted a schedule of accounts which included assets in which Isabella Devine

4   and Conrad Homm hold beneficiary interests and, therefore, assets belonging to Isabella Devine

5   and Conrad Homm have been frozen. Palermo Decl., ¶ 9.

6         On November 3, 2015 and November 10, 2015, Plaintiffs served two notices of

7   Subpoenas. Palermo Decl., ¶ 10; NOL Exhs. E & F. The Subpoenas request confidential

8   financial and tax information related to Isabella Devine and Conrad Homm. The information

9   sought is privileged, confidential in nature and not relevant to this action. Palermo Decl., ¶ 11.

10        On December 7, 2015, District Court Judge John E. Steele granted motions to intervene

11   filed by a custodian, Laird Lile, on behalf of Isabella Devine and Conrad Homm ("Intervenors").

12   The purpose of the intervention is to protect the interests of Isabella Devine and Conrad Homm

13   that are currently subject to the TRO. Palermo Decl., ¶ 12; NOL Exh. G.

14        Plaintiffs objected to the Intervenors' Motions to Intervene in an attempt to argue they

15   have no interest in this litigation, yet Plaintiffs now seek to obtain Isabella Devine's and Conrad

16   Homm's private and confidential information by serving the Subpoenas on non-party Collins &

17   Associates. This Court should not allow the Plaintiffs to circumvent the rules of discovery in

18   such a way. Palermo Decl., ¶ 13.

19        The Subpoenas should be quashed for violating Federal Rules of Civil Procedure 26(b)(1)

20   and 45(d)(3). Additionally, the Subpoenas should be quashed because they constitute

21   impermissible discovery requests of privileged and private information. Palermo Decl., ¶ 14.

22                **II.**

23       **MEET AND CONFER CERTIFICATION**

24        Counsel has in good faith conferred with counsel for Plaintiffs in an effort to resolve this

25   dispute without court action, and counsel for Plaintiffs has objected to the relief sought herein.

26   Palermo Decl., ¶ 15.

27   ///

28   ///

3

1288118v1

1

## III.

2

### LEGAL STANDARD

3    A court must quash or modify a subpoena if it "requires disclosure of privileged or other

4    protected matter, if no exception or waiver applies," and a court may quash or modify a subpoena

5    if it discloses certain confidential information. Fed. R. Civ. P. 45(d)(3)(A)(iii) & (B)(i); *Angio*

6    *Score, Inc. v. TriReme Med., Inc.*, 2014 WL 6706898 (N.D. Cal. 2014). Further, the "court may,

7    for good cause, issue an order to protect a party or person from annoyance, embarrassment,

8    oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The district court has wide

9    discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of

10    discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

11    Pursuant to Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery

12    regarding any ***nonprivileged*** matter that is relevant to any party's claim or defense...." *Id.*

13    (emphasis added). While the scope of discovery in federal litigation is broad, there still remains a

14    reasonable expectation of privacy in financial records. *In re SK Foods, L.P.*, 2009 WL 5206639

15    (E.D. Cal. 2009).

16    A Rule 45 subpoena served in conjunction with discovery must fall within the scope of

17    proper discovery under Fed. R. Civ. P. 26(b)(1). If a subpoena falls outside the scope of

18    permissible discovery, the Court has authority, under Fed. R. Civ. P. 45(D)(3) to quash or modify

19    it upon a timely motion.

20    In determining whether to grant a motion to quash a subpoena, the Court will examine

21    whether the movants have standing to bring the motion, the relevancy of the production sought,

22    whether any privilege or protection applies to the production, and whether the subpoena subjects

23    the movants to an undue burden. A party seeking a protective order bears the burden to

24    demonstrate good cause, and must make a showing that specific prejudice or harm will result if

25    no protective order is granted. *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F. 3d

26    1206, 1210-1211 (9th Cir. 2002).

27    ///

28    ///

4

1                                                    **IV.**

2                                              **ARGUMENT**

3    **A.    Movants Isabella Devine and Conrad Homm Have Standing to Quash the Subpoenas**

4                As a preliminary matter, Isabella Devine and Conrad Homm have standing to quash the

5    Subpoenas at issue because they have a personal right and privilege with regard to the documents and

6    information sought.  The plain language of Fed. R. Civ P. 45(d) places no limitation on who can file a

7    motion to quash or modify subpoenas, but instead authorizes the courts to take such action "[O]n

8    timely motion..." Fed. R.Civ. P. 45 (d)(3)(A).  Ordinarily a party lacks standing to quash a subpoena

9    issued to a third party, unless the party objecting claims a ***personal right or privilege*** with regard to

10   the documents sought. *Garcia v. Strayhorn*, 2015 WL 5535733, 4 (S.D. Cal. 2015) (emphasis added).

11   An individual has sufficient interest in the information contained in areas such as their ***bank records***,

12   social media networking sites, and personnel files to constitute grounds for standing.  *Id.*

13               Numerous courts have held that parties have a personal interest in their financial records

14   sufficient to confer standing to challenge a subpoena directed to a third-party. *Frenkel v. Acunto*,

15   WL 4680738, 3 (S.D. Fla. 2014) (finding that non-parties do have standing to challenge a

16   subpoena duces tecum directed to Citibank that sought the financial records of the non–parties);

17   *Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277 at 2; *Fla. ex rel. Butterworth v.*

18   *Jones Chem., Inc.*, 1993 WL 388645, 2 (M.D. Fla. 1993); *Brown v. Braddiek*, 595 F.2d 961, 967

19   (5th Cir.1979); see also *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 n.3 (N.D. Ga.

20   2001) (plaintiff who was not recipient of subpoenas had standing to challenge them because they

21   sought her medical records which she alleged were privileged and confidential); *Transcor, Inc. v.*

22   *Furney Charters, Inc.*, 212 F.R.D. 588, 590-591 (D. Kan. 2003) (personal rights claimed with

23   respect to bank account records give a party sufficient standing to challenge a third party

24   subpoena served upon financial institutions holding such information*); see also Langford v.*

25   *Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (affirming decision to quash

26   subpoena duces tecum based upon party's objection to subpoena duces tecum of non-party

27   witness where documents sought were voluminous and had no relevance to the issues in the case);

28   *Wash. v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.C. Cir. 2005).

1    Here, Devine and Homm can and do assert a personal right and privilege to object to the

2    overreaching and intrusive discovery requests.  Some examples of the documents and information

3    the Plaintiffs seek to obtain from Collins & Associates related to Isabella Devine and Conrad

4    Homm are the following: their financial holdings, transfers of their assets, purchase or sale of

5    their assets, securities holdings of any kind, real property anywhere in the world, tax advice given

6    to them by Collins & Associates and foreign or domestic tax filings, any and all communications

7    between Collins & Associates and any person concerning them, financial advice given to them,

8    all information related to their specific assets, billing records for work done for or on behalf of

9    them, etc.  Every request seeks privileged and confidential information, so while the Devine and

10   Homm are not the parties to whom the Subpoenas are directed, just as the non-parties in *Frenkel*

11   had standing to challenge the subpoena, they clearly have standing to assert their claims of

12   privacy and privilege with respect to the material subpoenaed and standing to object to the

13   Subpoenas. *Butterworth*, 1993 WL 388645 at 2.

14   **B.     The Subpoenas Seek Personal And Privileged Information**

15        **1.     Florida Privilege Law Should Apply**

16        Federal Rule of Evidence 501 provides that "in civil actions and proceedings, with respect

17   to an element of a claim or defense as to which State law supplies the rule of decision, the

18   privilege of a witness ... shall be determined in accordance with State law." Fed. R. Evid. 501.

19   However, the rule does not specify which state law should be applied.  Here, Florida law should

20   apply for multiple reasons.  First, the underlying action is pending in Florida and Florida and

21   Federal law will determine the substantive issues of the case.  Second, Isabella Devine and

22   Conrad Homm are Florida residents.  And finally, the Defendant of the underlying case is also a

23   Florida resident.  Isabella Devine and Conrad Homm, as the clients, should be entitled to the

24   privilege laws that exist in Florida, including the accountant-client privilege which attaches to the

25   client.  Although the Ninth Circuit has not addressed this issue, persuasive district court cases

26   indicate that where the court hearing the discovery dispute and the court hearing the underlying

27   action differ, the court hearing the discovery dispute must apply the choice of law rules of its

28   forum. *Wolpin v. Philip Morris, Inc.*, 189 F.R.D. 418 (C.D. Cal. 1999) (citing *Tartaglia v. Paul*

6

1288118v1

1    *Revere Life Ins. Co.,* 948 F. Supp. 325, 326 (S.D. N.Y. 1996) (applying New York choice of law

2    principles where proceeding to compel production was brought in New York, although

3    underlying breach of contract action was pending in Ohio); *Roberts v. Carrier Corp.,* 107 F.R.D.

4    678, 685–86 (N.D. Ind. 1985) (noting that the Seventh Circuit has applied the rule that the court

5    making the discovery decision applies the law of its forum, not the forum of the underlying

6    lawsuit). *See also Connolly Data Sys., Inc. v. Victor Technologies, Inc.,* 114 F.R.D. 89, 91 (S.D.

7    Cal. 1987) ("a district court is usually bound by its own privilege law when compelling testimony

8    in a deposition for use in another forum" (but noting that there was also a choice of law clause

9    present in the agreement in question selecting California law as the applicable law)); 3

10    *Weinstein's Federal Evidence* § 501.02[3][c][ii] (2d ed.1998) (noting that courts usually apply the

11    law of the state where the deposition is being taken where the state of the deposition and state of

12    the underlying action differ)).  Therefore the Court would apply California choice of law rules in

13    this action.

14          Under California choice of law rules, the Court must apply a "governmental interest

15    analysis."  *Hurtado v. Superior Court,* 11 Cal.3d 574, 579–80, 114 Cal.Rptr. 106, 522 P.2d 666

16    (1974).  Under this approach, courts examine the underlying policies of the state laws involved to

17    determine the respective government interests at stake.  Generally speaking the forum will apply

18    its own rule of decision "unless a party litigant timely invokes the law of a foreign state.  In such

19    event he must demonstrate that the latter rule of decision will further the interest of the foreign

20    state and therefore that it is an appropriate one for the forum to apply to the case before it."

21    *Hurtado,* 11 Cal.3d at 581, 114 Cal.Rptr. 106, 522 P.2d 666 (1974) (citations omitted).  Because

22    Devine and Homm can demonstrate a Florida state interest in this information, the Florida law of

23    privilege must apply.

24        **2.**　　**Under the Governmental Interest Analysis, Florida Law of Privilege Applies**

25          To determine the correct choice of law, a court applies a three-step analysis.  *Paulsen v.*

26    *CNF Inc.,* 559 F. 3d 1061 (9th Cir. 2009).  First, the court must determine whether the two states

27    concerned have different laws.  *Id.*  Second, it must consider whether each state has an interest in

28    having its law applies to this case.  *Id.*  And finally, if the laws are different and each state has an

1    interest in having its own law applied, the court will apply the law of the state whose interests
2    would be more impaired it its policy were subordinated to the policy of the other state. *Id.*

3        Here, the two states involved, Florida and California, have different laws regarding the
4    accountant-client privilege. Florida has enacted a statutory law which protects communications
5    between a public accountant and its client made in the rendition of accounting services to the
6    client. Fla.Stat. § 473.316; Fla.Stat. § 90.5055. Various Florida courts have permitted the
7    invocation of the privilege to prevent disclosure of audit workpapers and related documents
8    prepared by an accountant. *See Deloitte, Haskins & Sells v. S. Fin. Holding Corp.*, 566 So.2d 906
9    (Fla. 4th DCA 1990) (quashing circuit court order requiring discovery of financial records and
10   workpapers in accountant's possession); *Affiliated of Fla., Inc. v. U–Need Sundries*, Inc., 397
11   So.2d 764 (Fla. 3d DCA 1981) (holding that confidential memorandum prepared by accountant
12   concerning the viability of a contract is privileged). However, California law does not recognize
13   an accountant-client privilege. *Platypus Wear, Inc. v. K.D. Co., Inc.*, 905 F. Supp. 808, 813 (S.D.
14   Cal. 1995). Here, there are significant interests which require Florida law of privilege to apply.

15       With respect to documents requested, Florida has a more significant interest than
16   California in having its law applied to the accountant-client relationship. The case at issue is
17   pending in Florida. The documents at issue relate to a Florida resident. Where applicable, the
18   accountant-client privilege attaches to the client. Thus, the jurisdiction in which the client resides
19   has a strong interest in having its law govern the accountant-client relationship. *Gatewood v. U.S*
20   *Cellular Corp.*, 124 F.R.D. 504, 506 (D.D.C.1989). The information and documents requested
21   arise out of the professional relationship between an accountant at Collins & Associates and
22   Isabella Devine. Florida has a significant interest in having its law applied to these requests. By
23   contrast, California has significantly less interest. Although the accountant and the accountant's
24   files are located in California, their location is of marginal relevance because, as noted, any
25   accountant-client privilege attaches to the client, not the accountant.

26   ///
27   ///
28   ///

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS DUCES TECUM
Case No. _____

1288118v1

1       3.    **The Information and Documents Requested are Private, Privileged and**
2             **Confidential**

3           The Plaintiffs' Subpoenas seeks extensive and intrusive information about every aspect of
4    Devine's and Homm's finances, including their professional retention of Collins & Associates, a
5    financial accounting firm.    The information and documents sought are confidential and
6    proprietary in nature. Devine and Homm have a legitimate expectation of privacy of their private
7    bank accounts and financial records. *Winfield v. Div. of Pari-Mutuel Wagering, Dep't of Bus.*
8    *Regulation*, 477 So.2d 544, 548 (Fla. 1985); *In re SK Foods, L.P.*, 2009 WL 5206639 (E.D. Cal.
9    2009); *Burrows v. Sup. Ct.*, 529 P. 2d 590 (Cal. Sup. Ct. 1974); *Turnbow v. Life Partners, Inc.*,
10   2013 WL 1632795 (N.D. Tex. 2013) (Defendants have a personal right to accounting records and
11   other sensitive financial information and communications sought by the Plaintiffs' subpoena to
12   accounting company). Accordingly, because the documents are privileged, the Subpoenas should
13   be quashed.

14          Each and every item the Plaintiffs request in the Subpoenas is protected by the
15   accountant-client privilege. While the Plaintiffs objected to the Intervenors intervening as parties
16   in this action, they seek to obtain their private financial and tax information via subpoenas to their
17   accountants.    This Court should not allow this intrusive discovery.    The Federal Rules of
18   Evidence mandate that Florida privilege law applies in this matter because the gravamen of the
19   claims asserted are based upon state law. Fed.R.Evid. 501; *N.H. Indem. Co. v. Reid*, 2007 WL
20   2972618, 5-6 (M.D. Fla. 2007).    In a pure diversity action, such as this case, Florida law,
21   including the accountant-client privilege and Constitutional right to privacy, would apply. Fed.
22   R. Evid. 501; *Rhone-Poulenc Rohrer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 864-65 (3d Cir.
23   1994). This is true even if a RICO claim is also asserted. *Id.* The gravamen of the claims remain
24   based upon state law. The Court should therefore continue to treat the case as a diversity action
25   and apply state law for purposes of this privilege. *Platypus Wear, Inc.*, 905 F. Supp. At 812;
26   *Scott v. McDonald*, 70 F.R.D. 568, 572 (N.D. Ga. 1976). In *Platypus*, the court decided that state
27   law governed the assertion of privilege in a case involving both state claims and a federal claim.
28   The court held:

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS DUCES TECUM
Case No. _____

1288118v1

1
2
3
4

> This case remains primarily a diversity case, despite the existence of one federal claim in defendants' counterclaim.... It would be contrary to the express language of Evidence Rule 501 to apply a bright line rule that all claims of privilege must be governed by federal law, simply because this case contains one federal cause of action.

5   Similarly, in *Scott*, the defendant refused to respond to discovery based upon its reliance

6   on a state statute that exempted medical review board records from discovery. 70 F.R.D. at 572.

7   The court applied Georgia's privilege even though the plaintiffs asserted a federal claim along

8   with the state law claim.    The Court should apply the same reasoning.    In a similar vein,

9   documents and information subject to Florida's Constitutional right to privacy should be protected

10  from this premature discovery request.

11  Although federal income tax returns are generally not subject to any privilege, Florida law

12  recognizes an accountant-client privilege. *See* Fla. Stat. §§ 473.316, 90.5055; *see also Deloitte*,

13  566 So.2d at 906 (Fla. 4th DCA 1990); *Affiliated of Fla., Inc.*, 397 So.2d at 764. The accountant-

14  client privilege protects

15
16
17

> a client's right to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client.

18  *Choice Rest. Acquisition Ltd. v. Whitley, Inc.*, 816 So.2d 1165, 1167 (Fla. 4th DCA 2002). The

19  privilege also includes other confidential information obtained by the accountant from the client

20  for the purpose of rendering accounting advice. *Id.* Accordingly, all the information requested in

21  the Subpoenas is protected.

22  Even if this Court were to apply the law of California, it could apply the Florida

23  accountant-client privilege as a matter of comity. *See Ross v. Santa Clara Cnty. Sheriff's Dep't*

24  *(SCCSD)*, 2015 WL 4484152, 2 (N.D. Cal. 2015) ("Federal courts may apply state privileges in

25  federal question cases as a matter of comity.") (*citing Leon v. County of San Diego*, 202 F.R.D.

26  631, 635 (S.D. Cal. 2001)).[1]   Indeed, several courts in the Ninth Circuit have applied federal

27

28  ---
[1] Plaintiffs' complaint asserts six causes of action, only two of which, a substantive RICO claim and a RICO conspiracy claim, arise under federal law.

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS DUCES TECUM
Case No. _____

1288118v1

1    privilege law to evidence relevant to federal claims and state privilege law to evidence relevant

2    only to state law claims. *See Love v. Permanente Med. Group*, 2013 WL 4428806, 3 (N.D. Cal.

3    2013); *Shaklee Corp. v. Gunnell*, 110 F.R.D. 190, 192 (N.D. Cal. 1986) (applying state privilege

4    law when the evidence affected only the state claims); *Platypus Wear*, 905 F. Supp. at 812 ("The

5    need for consistency requires federal courts to apply federal privilege policies, rather than state

6    privilege law, where evidence goes to both federal and state law claims. However, that policy of

7    consistency cannot be used to justify ignoring the express language of Rule 501 where evidence

8    can be relevant only to state law claims. Where the application of state privilege law to evidence

9    in support of a claim arising under state law creates no conflict, such as where the evidence

10    sought can be relevant only to state law claims, the state law privilege should be applied

11    consistent with the express language of Rule 501.") *Guzman-Ibarguen v. Sunrise Hosp. and Med.*

12    *Cent.*, 2011 WL 2149542, 13 (D. Nev. 2011) (applying Nevada medical peer review privilege to

13    quality reports of hospital's quality and safety board because that evidence was relevant only to

14    state law medical malpractice claims and not to the federal EMTALA claim). This Court should

15    allow application of the Florida accountant-client privilege where Florida state law claims make

16    up the majority of claims in the underlying litigation.

17        In addition, the claims at issue are not yet set in this case. The Defendant has filed a

18    motion to dismiss the Plaintiffs' complaint, which is currently pending before the Court in the

19    underlying action, (*Absolute Funds v. Devine*, 15-328 (M.D. Fla.), Docket Entry No. 94), and the

20    Defendant has not yet answered the complaint. If the Florida Court dismisses Plaintiffs' RICO

21    claims as requested in the Defendant's motion to dismiss, the remaining state law claims will be

22    premised solely upon diversity jurisdiction and there can be no question that state law controls the

23    privilege question. *See* Fed. R. Evid. 501 ("in a civil case, state law governs privilege regarding a

24    claim or defense for which state law supplies the rule of decision"); *Love*, 2013 WL 4428806, 2

25    (state law applies when only state law claims are alleged in a federal court case); *Williams v.*

26    *Univ. Med. Ctr. of S. Nev.*, 760 F. Supp. 2d 1026, 1030 (D. Nev. 2010) (state law applies in

27    diversity cases).

28    ///

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS DUCES TECUM
Case No. _____

1288118v1

1    The Plaintiffs will argue that the Florida accountant-client privilege does not apply in this
2    case because privilege questions are governed by federal common law (which does not recognize
3    the accountant-client privilege).   The Plaintiffs' position thus places Devien and Homm in the
4    untenable position of being precluded (according to the Plaintiffs) from asserting a state law
5    privilege claim *now*, at this early stage of the litigation, where a motion to dismiss is pending.   It
6    is unclear at best whether the Plaintiffs' claims will survive the motion to dismiss stage.  But, if
7    Devine and Homm do not assert the accountant-client privilege now, Collins & Associates will
8    presumably comply with the subpoenas, and the Plaintiffs will undoubtedly argue that any
9    privilege has been waived, thereby precluding (according to the Plaintiffs) Devine and Homm
10   from raising the issue later in this litigation if the Plaintiffs' federal claims are in fact dismissed,
11   in which case state law would control the question of privilege.   Until such time as the Florida
12   Court rules on the Defendant's motion to dismiss, to preclude Devine's and Homm's accountant-
13   client privilege would be premature.

14    The Court should specifically quash the Subpoenas with respect to any of Devine's and
15   Homm's tax returns and financial documents that Collins & Associates may produce.  Although
16   tax returns and related documents do not enjoy an absolute privilege against production, there is a
17   well-established public policy against unnecessary disclosure to encourage taxpayers to file
18   complete and accurate tax returns. *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d
19   225, 229 (9th Cir. 1975).   To balance the need for discovery with the public policy favoring
20   confidentiality of tax returns, courts apply a two-prong test. *Karnazes v. County of San Mateo*,
21   No. C 09-0767 MMC (MEJ), 2010 WK 1910522, 5 (N.D. Cal. 2010). "First, the court must find
22   that the returns are relevant to the subject matter of the action.  Second, the court must find that
23   there is a compelling need for the returns because the information contained therein is not
24   otherwise readily obtainable." *Id.*; *see also Aliotti v. The Vessel Senora*, 217 F.R.D. 496, 497-98
25   (N.D. Cal. 2003) ("[T]he Court may only order the production of plaintiff's tax returns if they are
26   relevant and when there is a compelling need for them because the information sought is not
27   otherwise available.").  "Courts apply the same two-part test to determine whether a party should
28   have to disclose other financial information, such as financial statements." *Karnazes*, 2010 WL

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS DUCES TECUM
Case No. _____

1288118v1

1   1910522, 5.  Here, Plaintiffs have no need for the Devine's and Homm's tax returns or other

2   financial information in the possession of Collins & Associates, as Plaintiffs have already

3   subpoenaed information as to each of the financial accounts the Defendant has identified

4   previously as under her direct or indirect control from the relevant financial institutions, and as

5   the Defendant identified assets belonging to Devine and Homm, the Plaintiffs have obtained

6   voluminous amounts of such information.    Clearly, this information is otherwise readily

7   obtainable.

8   **C.**    **The Subpoenas Seek Information Outside The Allowable Scope Of Discovery**

9          **Requests**

10      Rule 26 of the Federal Rules of Civil Procedure states:

11                  Parties may obtain discovery regarding any *nonprivileged* matter
                    that is *relevant* to any party's claim or defense and proportional to
12                  the needs of the case, considering the importance of the issues at
                    stake in the action, the amount in controversy, the parties' relative
13                  access to relevant information, the parties' resources, the
                    importance of the discovery in resolving the issues, and whether the
14                  burden or expense of the proposed discovery outweighs its likely
                    benefit. Information within this scope of discovery need not be
15                  admissible in evidence to be discoverable.

16      Fed. R. Civ. P. 26(b)(1) (emphasis added).  This rule limits the scope of discovery to

17  information that is *nonprivileged* and *relevant* to the "claim or defense of any party." *Id.*

18      Devine's and Homm's personal financial information is neither relevant nor reasonably

19  calculated to lead to admissible evidence pertaining to any claims or defenses asserted in this

20  action.  It is well-settled that discovery concerning an *adversary party's assets* is not permitted

21  during the course of the litigation unless it is relevant to the merits of a claim. *FTC v. Turner,*

22  609 F.2d 743, 745 (5th Cir. 1980); *Sanderson v. Winner,* 507 F.2d 477,479-80 (10th Cir. 1974)

23  ("Under most circumstances, [] a private plaintiff may not discover an opponent's assets until

24  after a judgment ... has been rendered."), cert. denied, 421 U.S. 914 (1975); *Henderson v. Zurn*

25  *Indus., Inc.,* 131 F.R.D. 560, 562 (S.D. Ind. 1990) (rejecting attempts to require production of

26  defendant's tax returns and stating "Facts concerning defendant's financial status are ordinarily

27  not discoverable.").  Ordinarily, financial discovery is deferred until post-judgment proceedings

28  to permit execution of the judgment. *Sequa Corp. v. Gelmin,* 1995 WL 404726, 3 (S.D. N.Y.

13

1    1995). Thus this Court should find that the documents and information sought is outside the

2    scope of discovery requests to nonparties.

3    **D.**    **Devine's and Homm's Private Financial Information Is Protected By Florida's And**

4          **California's Constitutional Rights To Privacy**

5        Both California and Florida law provide individuals with a right to privacy in their private

6    financial records. *See Moskowitz v. Superior Court*, 137 Cal. App. 3d 313, 315, 187 Cal. Rptr. 4,

7    6 (Cal. 2nd DCA 1982); *see Winfield v. Div. of Pari-Mutuel Wagering, Dep't of Bus. Regulation*,

8    477 So.2d 544, 548 (Fla. 1985) (discussing Fla. Const. art. I, § 23); ("[W]e find that the law in the

9    state of Florida recognizes an individual's legitimate expectation of privacy in financial institution

10    records."). Florida Statute § 655.059(2)(b) requires financial institutions to maintain the

11    confidentiality of the accounts and loans of any of its members, depositors, borrowers, or

12    stockholders. Thus, Devine and Homm have a recognized privacy interest in their financial

13    records. The Plaintiffs' action, in subpoenaing Devine's and Homm's accountants in an attempt

14    to obtain their private information, is improper.

15        Not only is discovery of Devine's and Homm's personal financial information premature,

16    irrelevant and improper at this juncture, the Subpoenas invade their constitutional privilege.

17    Personal financial information comes within the zone of privacy protected by article I, section 1

18    of the California Constitution. *Moskowitz,* 137 Cal. App. 3d, 315-316. Article I, Section 23 of

19    Florida's Constitution provides that personal financial information is private. See *Winfield*, 471

20    So. 2d at 544; *Mogul v. Mogul*, 730 So.2d 1287, 1290 (Fla. 5th DCA 1999) ("The financial

21    information of private persons is entitled to protection by this state's constitutional right of

22    privacy, if there is no relevant or compelling reason to compel disclosure.") (footnotes omitted).

23    In *Mogul*, 730 So.2d at 1290, the court granted an extraordinary writ of certiorari, finding that

24    disclosure of personal financial information would cause irreparable harm. For the reasons

25    explained, this Court should determine that the documents are privileged and quash the

26    Subpoenas. If not privileged, this Court should find that they are irrelevant or an invasion of

27    privacy.

28    ///

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS DUCES TECUM
Case No. _____

1288118v1

1

## V.

2

### CONCLUSION

3       For the above stated reasons, Devine and Homm respectfully request this Court quash the

4   Subpoenas as they seek private and privileged information.

5

6   DATED: December 11, 2015                DUCKOR SPRADLING METZGER & WYNNE

7                                           A Law Corporation

8

                                            By: _____

9                                               ANNA F. ROPPO

10                                              WILLIAM P. KEITH
                                                Attorneys for ISABELLA DEVINE and

11                                              CONRAD HOMM

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

15

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS DUCES TECUM

Case No. _____

1288118v1