UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE
MASTER FUND LIMITED,
ABSOLUTE EAST WEST FUND
LIMITED, ABSOLUTE EAST WEST
MASTER FUND LIMITED,
ABSOLUTE EUROPEAN CATALYST
FUND LIMITED, ABSOLUTE
GERMANY FUND LIMITED,
ABSOLUTE INDIA FUND LIMITED,
ABSOLUTE OCTANE FUND
LIMITED, ABSOLUTE OCTANT
MASTER FUND LIMITED, and
ABSOLUTE RETURN EUROPE FUND
FIMITED,

  Plaintiffs,

v.          Case No: 2:16-cv-47-FtM-99MRM

SUSAN ELAINE DEVINE, ORION
CORPORATE & TRUST SERVICES,
LTD., AS TRUSTEE, and LAIRD
LILE,

  Defendants.
_____

## ORDER

This matter comes before the Court on defendant's Motion for Reconsideration of Court's Order Regarding Subpoenas Directed to Collins & Associates and Motion for Stay of Production (Doc. #73) filed on April 21, 2017.[1] Intervenors Isabella Devine and Conrad Homm join defendant's Motion for Reconsideration. (Docs. ##75,

---

[1] On April 24, 2017, defendant supplemented her Motion for Reconsideration to include a certification required by Local Rule 3.01(g). (See Doc. #74.)

76.) On May 5, 2017, plaintiffs filed an Opposition to defendant's Motion for Reconsideration. (Doc. #77.) Also on May 5, 2017, defendant filed an Emergency Renewed Motion for Stay of Production by Collins & Associates (Doc. #78), to which plaintiffs filed a Response in Opposition (Doc. #79) and Declaration in support (Doc. #80).

**I.**

Reconsideration of a court's previous order is an extraordinary remedy, and reconsideration is a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). In particular, motions filed under Rule 60(b)(6)'s "catch-all" provision "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013) (citation omitted). The movant has the burden of showing such extraordinary circumstances. Mastej, 869 F. Supp. 2d at 1348.

A motion for reconsideration does not provide an opportunity to argue for the first time a new issue that could have been raised previously, or to argue more vociferously an issue the Court has previously decided. Id. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). When the Court has

carefully considered the relevant issues and rendered its decision, "the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Mastej, 869 F. Supp. 2d at 1348 (citations omitted). Accordingly, a motion to reconsider should set forth material facts previously unknown to the party seeking reconsideration or direct the Court's attention to "law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." Id. (citations omitted).

## II.

On September 6, 2016, the Magistrate Judge issued an Order denying the Motion for Protective Order and to Quash Subpoenas Duces Tecum Directed to Collins & Associates; denying the Joint Supplemental Motion for Protective Order and to Quash Subpoenas Duces Tecum; denying defendant's Renewed Motion to Quash Subpoenas Duces Tecum Directed to Collins & Associates; and staying the production of subpoenaed documents until after the Court ruled on the pending Motion to Dismiss. (Doc. #62.) The Magistrate Judge ruled that "[b]ecause the Court has not yet ruled on Defendant's Motion to Dismiss, the possibility remains that Plaintiffs' federal RICO claims could be dismissed leaving only Plaintiffs' state law claims. If only state law claims remain, then state law would provide the applicable rule of decision, leading to the application of state privilege law." (Id. at 23.) Therefore, the

Magistrate Judge ordered that should the Court grant Defendant's Motion to Dismiss as to both federal claims, intervenors and defendant should file an appropriate motion within seven (7) days from the date of the Order "addressing specifically whether an account-client privilege exists regarding the subpoenaed documents and whether that privilege has been waived." (Id.) This Court subsequently dismissed all federal claims and plaintiffs elected to proceed only on their state law claim of unjust enrichment. (Case No. 2:15-cv-00328, Docs. ##521, 527.)

Defendant objected to the Magistrate Judge's Order prior to the Court's dismissal of the federal claims. After the dismissal of the federal claims, this Court overruled defendant's Objection as the Court had dismissed the federal claims and the Magistrate Judge had explicitly instructed the parties to file a motion within seven days of the Opinion and Order on the Motion to Dismiss "addressing specifically whether an accountant-client privilege exists regarding the subpoenaed documents and whether that privilege has been waived." (Doc. #72.)

Defendant now seeks reconsideration of this Court's Order on defendant's Objection to Court's Order Denying Motion for Protective Order and to Quash Collins & Associates Subpoenas. (Doc. #73.) Defendant contends that the Court erred because "the Court did not address Ms. Devine's arguments that the accountant-client privilege is applicable to the subpoenaed documents in light

of the fact that Plaintiffs' lone remaining claim arises under state law and, as a result, the only basis for subject matter jurisdiction is diversity of citizenship." (Id. at 1-2.) Defendant acknowledges that she did not file a motion within seven days of the Court's ruling on the Motion to dismiss, "but contends that doing so was unnecessary" because (1) the Court allowed plaintiff twenty-one days to re-plead their claims, (2) the issue of whether the accountant-client privilege existed was already fully briefed before the Magistrate Judge, (3) defendant had filed her objection before the Court ruled on the Motion to Dismiss, and (4) due to the change in circumstances it is apparent that the documents and information that plaintiffs seek have no relevance to the sole remaining claim. (Id. at 6-8.)

It seems that defendant, having realized that she did not file a motion with the Court within the seven-day time period set forth by the Magistrate Judge, now seeks relief by seeking reconsideration of this Court's Order. The Court denies the Motion for Reconsideration for the following reasons. First, while the Court acknowledges that the Magistrate Judge could not have predicted the Court's ruling on the Motion to Dismiss, or that the Court would provide plaintiffs with twenty-one days to re-plead, defendant was not without a remedy. Defendant was free to seek an extension of the seven-day time period due to the change in circumstances, yet failed to do so. Second, the fact that the

parties had briefed the issue as to the accountant-client privilege does not nullify the Magistrate Judge's instruction to file a motion should the Court dismiss all of the federal claims. The Magistrate Judge stated that he was not addressing "the issues of whether Intervenors and Defendant demonstrated that an accountant-client privilege actually existed or whether Intervenors and/or Defendant waived that privilege." (Doc. #62, p. 18.) Third, while the defendant filed her objection before the Court's ruling on the Motion to Dismiss, she did not raise the seven-day time period as a basis for her Objection and she was well aware of this period within which to file a motion regarding the accountant-client privilege. Lastly, defendant did not object to the Magistrate Judge's ruling as to relevancy.

Accordingly, the Court denies defendant's Motion for Reconsideration of Court's Order Regarding Subpoenas Directed to Collins & Associates and Motion for Stay of Production. (Doc. #73.)

Intervenors Isabella Devine and Conrad Homm have joined defendant's motion and also assert that the Magistrate Judge's ruling regarding the production of their tax returns is contrary to law and clearly erroneous because neither the Magistrate Judge nor this Court in its Order took into consideration the dramatic change in posture of this case. (Doc. #75.) Once again, the Magistrate Judge instructed the parties to raise these issues within seven days of the Court's ruling on the Motion to Dismiss

and this precise issue of relevancy was not raised in their Objection (see Doc. #64) and therefore is not within the scope of a Motion for Reconsideration. Therefore the Intervenors' Joinder, as Amended, is **denied**.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Reconsideration of Court's Order Regarding Subpoenas Directed to Collins & Associates and Motion for Stay of Production (Doc. #73) is **DENIED.**

2. Intervenors' Joinder in Defendant's Motion for Reconsideration of Court's Order Regarding Subpoenas Directed to Collins & Associates and Motion for Stay of Production (Doc. #75), as Amended (Doc. #76), is **DENIED.**

3. Defendant's Emergency Renewed Motion for Stay of Production by Collins & Associates (Doc. #78), Intervenors' Joinder in Defendant's Emergency Motion to Stay (Doc. #81), and Defendant's Motion for Leave to File Reply in Support of Her Emergency Renewed Motion for Stay of Production by Collins & Associates (Doc. #82) are **denied as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record